UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

vs.	CASE NO. 8:94-CR-00293-EAK-TBM

TO, ET AL.

_____/

### ORDER ON DEFENDANT'S MOTIONS

THIS CAUSE is before this Court on Defendant's, Hai Van Nguyen, Motion for Reduction of Sentence (Doc. 620), Motion to Extend Time to File a Rebuttal Against the Government (Doc. 625), and the Government's response (Doc. 624).

The Defendant moves this Court to reduce Defendant's sentence pursuant to 18 U.S.C. §3582 (c)(1)(i). Defendant was sentenced to serve one hundred and sixty-five (165) months in prison. The Eleventh Circuit Court of Appeals affirmed Defendant's conviction and sentence on June 23, 1998. See United Stated v. To, et al., 144 F.3d 737 (11th Cir.1998).

Defendant seeks relief pursuant to 18 U.S.C. § 3582(c)(1)(i) which states as follows:

> c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--
> (1) in any case--
> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> (i) extraordinary and compelling reasons warrant such a reduction; . . .and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

A motion filed under 18 U.S.C. 3582(c), is neither a direct appeal of a sentence nor a collateral attack under 28 U.S.C. § 2255. See United States v. Trujeque, 100 F.3d 869, 870 (10th Cir.1996). Instead, it is another statutory means, separate from 28 U.S.C. § 2255, for a district court to modify a previously imposed sentence. See United States v.Mendoza, 118 F.3d 707, 709 (10th Cir.1997).

The statute on which Defendant relies, 18 U.S.C. 3582(c), provides that a "court may not modify a term of imprisonment once it has been imposed except in [certain] limited circumstances." United States v. Smartt, 129 F.3d 539, 540-41 (10th Cir.1997). One of those circumstances, as set out in 3582(c)(1)(A)(i), is on a motion of the Director of the Bureau of Prisons. Smartt, 129 F.3d at 541.

In the instant case, there is no evidence before this Court that the Bureau of Prisons filed such a motion. Furthermore, Defendant has failed to identify any extraordinary or compelling reasons to warrant a reduction, and the Government is unaware of any such reasons. The Ninth Circuit has previously affirmed a district court denial of a 3582(c)(1)(A) motion based on the Defendant's failure to provide a motion from the Director of the Bureau of Prisons. See United States v. Powell, 69 Fed. Appx. 368 (9th Cir.2003). Accordingly, it is:

**ORDERED** that the Defendant's, Hai Van Nguyen, Motion for Reduction of Sentence (Doc. 620) is **DENIED**. Defendant's Motion to Extend Time to File a Rebuttal Against the Government (Doc. 625) is **DENIED AS MOOT**.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 3RD day of August, 2011.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to: All parties and counsel of record.